UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVI ISAIAH DITTA,

        Petitioner,               Case Number: 2:12-CV-11012

v.                                        HON. JOHN CORBETT O'MEARA

MARY BERGHUIS,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO FILE PROTECTIVE PETITION, HOLDING PROCEEDINGS IN ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE

      Petitioner Levi Isaiah Ditta is a state inmate presently incarcerated at the Brooks Correctional Facility in Muskegon Heights, Michigan, pursuant to convictions for conducting a criminal enterprise, conspiracy to commit a criminal enterprise, two counts of safe breaking, two counts of breaking and entering, and six counts of possession of burglar tools. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging these convictions. He also has filed a Motion to File Protective Petition to Stay and Abey Habeas Corpus Proceedings, in which he asks the Court to hold these proceedings in abeyance while he exhausts state court remedies for additional claims not previously presented in state court.

### I.  Background

      Following a jury trial in Cheboygan County Circuit Court, Petitioner was

convicted as set forth above. He filed an appeal of right in the Michigan Court of Appeals, raising a single claim: other act evidence was improperly admitted. Petitioner raised the following additional claims in a *pro per* supplemental brief: (i) insufficient evidence presented to sustain conviction for conducting a criminal enterprise; (ii) prosecutorial misconduct; (iii) ineffective assistance of counsel; (iv) trial court was biased; and (v) trial court improperly permitted the prosecutor to display a safe from one of the break-ins. The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Ditta,* No. 289604, 2010 WL 2016306 (Mich. Ct. App. May 20, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims raised in the court of appeals. The Michigan Supreme Court denied leave to appeal. *People v. Ditta,* 488 Mich. 1040 (Mich. Feb. 7, 2011).

Petitioner has now filed the pending petition for a writ of habeas corpus. He raises the same claims raised in state court. He simultaneously filed a Motion to File Protective Petition.

## II. Analysis

Petitioner asks the Court to hold these proceedings in abeyance because he has discovered several additional claims that he would like to raise in this petition, but he must first exhaust those claims in state court. A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544

U.S. 269 (2005). The "stay-and-abeyance" procedure is available provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered and because his attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Petitioner must also ask this court to lift the stay within sixty days of completing state court review. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was

entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### III. Conclusion

Accordingly, it is **ORDERED** that Petitioner's "Motion to File Protective Petition" is **GRANTED**. The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/John Corbett O'Meara
United States District Judge

Date: March 15, 2012

I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, March 15, 2012, via first-class U.S. mail.

s/William Barkholz
Case Manager

4